ROBERT S. YARISH AND MARSHA M. YARISH, PETITIONERS *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 24096–08.        Filed October 4, 2012.

P–H participated in an employee stock ownership plan (ESOP) that was disqualified for the 2000 to 2004 taxable years. P–H was a highly compensated employee and was fully vested in the ESOP from its start to its termination. The relevant limitations period lapsed for all years except 2004. The parties dispute the amount of P–H's vested accrued benefit in the ESOP that Ps must include in income for 2004 under I.R.C. sec. 402(b)(4)(A). R argues that Ps must include in income for 2004 the entire amount of P–H's vested accrued

benefit in the ESOP to the extent it has not been previously taxed to P–H. Ps argue that only the annual increase in P–H's vested accrued benefit in the ESOP for 2004 is includible in Ps' income for that year. *Held*: Ps must include in income for 2004 the entire amount of P–H's vested accrued benefit in the ESOP.

*Harold A. Chamberlain* and *David D. Aughtry*, for petitioners.

*M. Kathryn Bellis* and *Shawn P. Nolan*, for respondent.

OPINION

KROUPA, *Judge*: This case is before the Court on the parties' cross-motions for partial summary judgment[1] under Rule 121.[2] Petitioner husband participated in an Employee Stock Ownership Plan (ESOP) that was retroactively disqualified for the period 2000 to 2004. The sole issue for decision is the amount of petitioner husband's vested accrued benefit in the ESOP that petitioners must include in income for 2004 under section 402(b)(4)(A). We hold that petitioners must include in income for 2004 the entire amount of petitioner husband's vested accrued benefit in the ESOP.

## *Background*

The following facts are based upon the pleadings, affidavits and exhibits in support of and in opposition to each of the motions for partial summary judgment. They are stated solely for the purpose of deciding the motions and not as findings of fact in this case. *See* Fed. R. Civ. P. 52(a)(3).

Petitioners resided in Texas when they filed the petition.

Petitioner husband, a plastic surgeon, owned several medical practice entities. In 2000 petitioner husband organized Yarish Consulting, Inc. (Yarish Consulting), an S corporation for Federal tax purposes, to manage these entities. Yarish Consulting sponsored an ESOP (Yarish ESOP). Petitioner husband participated in the Yarish ESOP. Petitioner husband was a highly compensated employee within the meaning of

---

[1] Each party moves for partial summary judgment on the same discrete issue of law. The parties agree that this Court's resolving this issue will allow them to resolve the remaining issues here and in two related cases, *Yarish Consulting, Inc. v. Commissioner*, Docket No. 24095–08, and *R. Scott Yarish MD, PA v. Commissioner*, Docket No. 24094–08, by agreement.

[2] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code) in effect for the year at issue.

section 414(q) and was fully vested from the start of the Yarish ESOP until its termination. Multiple contributions were made to the Yarish ESOP during 2000 to 2004. Petitioner husband's account balance in the Yarish ESOP and vested accrued benefit within the meaning of section 402(b)(4)(A) was $2,439,503 as of the end of 2004. None of that amount had been taxed to petitioners before the 2004 plan year.

The Yarish ESOP was terminated on the last day of 2004. Petitioner husband's entire account balance in the Yarish ESOP was transferred to an individual retirement account that same day at his direction.

Respondent retroactively disqualified the Yarish ESOP through a revocation letter for the 2000 through 2004 period. Respondent determined in the revocation letter that the Yarish ESOP did not meet the requirements under section 401(a) for failing to satisfy section 410(b) and that the trust under the Yarish ESOP was not exempt from tax under section 501(a). This Court sustained respondent's determination to retroactively disqualify the Yarish ESOP for the 2000 to 2004 taxable years. *See Yarish Consulting, Inc. v. Commissioner*, T.C. Memo. 2010–174.

The limitations period under section 6501 has lapsed for all years for which the Yarish ESOP was disqualified except 2004.

## *Discussion*

### I. *Overview*

We must decide for the first time the meaning of section 402(b)(4)(A). In general, section 402(b) sets forth the consequences to participants in a plan under section 401(a) when a trust associated with the plan is not exempt under section 501(a). Section 402(b)(4)(A) provides a special rule that applies when the trust tax exemption under section 501(a) does not apply due to a plan's failure to meet certain coverage or participation requirements under section 410(b) or 401(a)(26). The special rule requires a highly compensated employee to include in income "an amount equal to the vested accrued benefit of such employee (other than the employee's investment in the contract)."

The parties do not dispute that section 402(b)(4)(A) applies. The parties do dispute, however, the amount of petitioner husband's vested accrued benefit that must be included in income under section 402(b)(4)(A) for 2004. Both parties have moved for partial summary judgment with respect to that issue.

Petitioners argue that only the annual increase in petitioner husband's vested accrued benefit for 2004 is includible in petitioners' income for that same year under section 402(b)(4)(A). In contrast, respondent argues that the entire amount of petitioner husband's vested accrued benefit must be included in petitioners' income for 2004 under section 402(b)(4)(A). Accordingly, we must decide whether either party is entitled to partial summary judgment.

## II. *Standard of Review*

We now turn to the applicable standard for deciding a motion for partial summary judgment. Either party may move for partial summary judgment upon any part of the legal issues in controversy. Rule 121(a). Partial summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *See, e.g.*, *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). A motion for summary judgment or partial summary judgment will be granted if the pleadings and other acceptable materials, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. *See* Rule 121(b); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002).

## III. *Meaning of Section 402(b)(4)(A)*

We now consider whether petitioners are required under section 402(b)(4)(A) to include in income for 2004 petitioner husband's entire vested accrued benefit in the ESOP at the end of 2004, as respondent contends, or only the annual increase in the vested accrued benefit for 2004, as petitioners contend. The parties' dispute stems from their disagreement over the meaning of the parenthetical "(other than the employee's investment in the contract)" (sometimes, disputed parenthetical) in section 402(b)(4)(A) that modifies the

phrase "an amount equal to the vested accrued benefit of such employee."

## A. *Parties' Contentions*

Petitioners argue that the phrase "investment in the contract" is defined in section 72 and that we should apply that meaning in interpreting section 402(b)(4)(A). Under section 72, employer contributions are treated as part of the "investment in the contract" to the extent they were previously *includible* in income (i.e., could have been taxed). *See* sec. 72(f). Petitioners maintain that all of petitioner husband's vested benefit from 2000 to 2003 was previously includible in income due to the disqualification of the Yarish ESOP and therefore constitutes petitioner husband's investment in the contract for 2004. Petitioners therefore conclude that they are required by section 402(b)(4)(A) to include in income for 2004 only the annual increase in petitioner husband's vested accrued benefit for that same year.

Respondent argues that under section 402(b)(4)(A) an "employee's investment in the contract" equals the portion of the employee's vested accrued benefit that has previously been taxed to the employee. Respondent therefore maintains that petitioners must include in income for 2004 the entire amount of petitioner husband's vested accrued benefit in the Yarish ESOP, given that no portion of it was previously taxed.[3]

## B. *Statutory Interpretation Analysis*

We now consider the meaning of section 402(b)(4)(A). In interpreting section 402(b)(4)(A) our principal task is to ascertain and give effect to the intent of Congress. The statutory text is the most persuasive evidence of Congress' intent. *United States v. Am. Trucking Ass'ns, Inc.*, 310 U.S. 534, 542–543 (1940). The plain language of a statute is ordinarily to be given effect unless to do so would produce an absurd or futile result, or an unreasonable result that plainly con-

---

[3] Respondent also argues in the alternative that the duty of consistency estops petitioners from asserting that the Yarish ESOP was disqualified before 2004 and therefore from arguing that petitioner husband's vested accrued benefit in the Yarish ESOP is includible in income in any year other than 2004. We need not address respondent's alternative argument because we hold under our interpretation of sec. 402(b)(4)(A) that petitioners must include the entire amount of petitioner husband's vested accrued benefit in the Yarish ESOP in income for 2004.

flicts with legislative intent. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989); *Domulewicz v. Commissioner*, 129 T.C. 11, 24 (2007), *aff'd in part, remanded in part sub nom. Desmet v. Commissioner*, 581 F.3d 297 (6th Cir. 2009); *Wadlow v. Commissioner*, 112 T.C. 247, 266 (1999). We may look to legislative history to ascertain congressional intent if a statute is silent or ambiguous. *Burlington N. R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461 (1987); *Mississippi Poultry Ass'n, Inc. v. Madigan*, 992 F.2d 1359, 1364 n.28 (5th Cir. 1993). It is these general principles of statutory interpretation that guide us in determining the meaning of section 402(b)(4)(A).

We first review the text of section 402(b)(4)(A), which provides in pertinent part:

[A] highly compensated employee shall * * * include in gross income for the taxable year with or within which the taxable year of the trust ends an amount equal to the vested accrued benefit of such employee (other than the employee's investment in the contract) as of the close of such taxable year of the trust.

As previously noted, the parties dispute the meaning of the parenthetical "(other than the employee's investment in the contract)" used to modify the phrase "an amount equal to the vested accrued benefit of such employee." Accordingly, we focus our attention on the meaning of the disputed parenthetical. The disputed parenthetical is not defined in whole or part in section 402 or in the corresponding regulations, nor is any definition supplied by a cross reference to another section in the Code. Additionally, neither the disputed parenthetical nor any of its words or phrases are terms of art. *See infra* p. 296.

We find the disputed parenthetical ambiguous in that it is susceptible of at least two different meanings. It may mean that only direct contributions by the employee constitute "the employee's investment in the contract." It may also mean that "the employee's investment in the contract" includes other contributions made on the employee's behalf, i.e., employer contributions.

Accordingly, we look to the legislative history of section 402(b)(4)(A) as an aid in discerning its meaning.[4] The legis-

---

[4] The current version of sec. 402(b)(4)(A) was previously included in sec. 402(b)(2)(A) and (B).
Continued

lative history indicates that the general purpose of section 402(b)(4)(A) is to penalize highly compensated individuals. *See* H.R. Conf. Rept. No. 99–841 (Vol. II), at II–416 to II–417 (1986), 1986–3 C.B. (Vol. 4) 1, 416–417. The conference report also sheds light on the portion of a highly compensated employee's vested accrued benefit that Congress intended to tax under section 402(b)(4)(A). It provides that "[h]ighly compensated employees * * * are taxable on the value of their vested accrued benefit attributable to employer contributions and income on any contributions to the extent such amounts have not previously been taxed to the employee." *Id.*

Based on our reading of section 402(b)(4)(A) in the context of the statutory scheme as a whole, we understand Congress' intent in using the disputed parenthetical was to exclude that portion of the vested accrued benefit from taxation that had previously been taxed to the employee so as to avoid double taxation of it. We therefore hold that under section 402(b)(4)(A) the vested accrued benefit of a highly compensated employee must be included in income to the extent it has not been previously taxed to the employee. Thus, we agree with respondent.

As previously mentioned, petitioners contend that we must give "investment in the contract" the same meaning that it has in section 72. Petitioners make two main arguments in support of their position. Neither persuades us.

First, petitioners argue that "investment in the contract" as defined in section 72 is an established term of art that applies universally throughout the Code and thus we should look to section 72 for its definition. We recognize that where Congress uses a term of art that has had an established specific meaning over long periods, Congress presumably incor-

The initial version of sec. 402(b)(2)(A)(ii) enacted as part of the Tax Reform Act of 1986, Pub. L. No. 99–514, sec. 1112(c)(1), 100 Stat. at 2445, required a highly compensated employee to include in income "the vested accrued benefit (other than employee contributions)." That parenthetical was changed to "(other than the employee's investment in the contract)" in the Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100–647, sec. 1011(h)(4), 102 Stat. at 3465, before Congress eventually divided sec. 402(b) into four paragraphs, shifting para. (2) to para. (4) in the Unemployment Compensation Amendments of 1992, Pub. L. No. 102–318, sec. 521(a), 106 Stat. at 300.

Petitioners argue that we should disregard the 1986 conference report because the change of the parenthetical modifying vested accrued benefit to "other than the employee's investment in the contract" occurred after the 1986 conference report. We disagree. We find that the change does not conflict with Congress' established intent in the 1986 conference report, nor does any legislative history indicate that Congress intended to negate such an intent.

porates that meaning when it uses the term. *See, e.g.*, *Morissette v. United States*, 342 U.S. 246, 263 (1952). We disagree, however, that the phrase "investment in the contract" is an established term of art.

While section 72 defines the phrase "investment in the contract," nowhere in that section or its accompanying regulations is there any indication that the definition applies outside the context of section 72. Moreover, the definition of "investment in the contract" in section 72 that petitioners argue applies for purposes of section 402(b)(4)(A) is expressly limited in scope to specific subsections of section 72. *See* sec. 72(c)(1), (e)(6), (f). Thus, we are not convinced that the phrase "investment in the contract" as defined in section 72 is an established term of art that applies throughout the Code.

Second, petitioners argue that the phrase "investment in the contract" as used in section 402(b)(4)(A) should be interpreted in pari materia with section 72. Statutes may be considered in pari materia when they relate to the same subject matter or have the same purpose. *See* 2B Norman J. Singer & J.D. Shambie Singer, Sutherland Statutory Construction, sec. 51:3, at 222 (7th ed. 2012). The Supreme Court has recognized, however, that identical terms or phrases used in the Code need not be interpreted to have the same meaning where the sections in which they are found serve different legislative purposes. *See Don E. Williams Co. v. Commissioner*, 429 U.S. 569, 580–582 (1977). We are not persuaded that the doctrine of in pari materia applies.

Section 402(b)(4)(A) and section 72 serve different purposes. The purpose of section 402(b)(4)(A) is to discourage highly compensated employees from participating in a plan that fails to satisfy certain coverage requirements. *See* H.R. Conf. Rept. No. 99–841, *supra* at II–416 to II–417, 1986–3 C.B. (Vol. 4) at 416–417. In contrast, the purpose of section 72 is to provide the rules for taxation of distributions from annuity and similar contracts. *See generally* sec. 72.

Petitioners also contend that under general tax accounting principles only the annual increase in petitioner husband's vested accrued benefit in the Yarish ESOP for 2004 is includible in income for that year. Petitioners rely on the uncontroversial principle that generally income is includible for the taxable year in which the "accession to wealth"

occurs. *See, e.g.*, *Greene Motor Co. v. Commissioner*, 5 T.C. 314, 316 (1945). Petitioners argue that because the Yarish ESOP was disqualified for 2000 through 2004 and petitioner husband was fully vested in it for those years, his vested accrued benefit was includible in income as it vested. Petitioners therefore conclude that only the annual increase in petitioner husband's vested accrued benefit in the Yarish ESOP for 2004 is taxable for that year.

We are not persuaded. The principle that amounts must be included in income for the taxable year the "accession to wealth" occurs is not absolute. Congress has consistently made exceptions to achieve various public policy objectives. For example, Congress defers taxation of amounts contributed to qualified retirement plans to encourage individuals to save for their retirement and thereby supplement the general public retirement security system. *See* secs. 401(a), 501(a); The President's Committee on Corporate Pension Funds and Other Private Retirement and Welfare Programs, Public Policy and Private Employee Retirement Plans 50–51 (1965).

So too has Congress carved out an exception in section 402(b)(4)(A). The purpose of section 402(b)(4)(A) is to penalize highly compensated participants in plans that fail to satisfy certain coverage and participation requirements. To that end, it requires (where applicable) that a highly compensated employee include in income his or her vested accrued benefit to the extent it has not been previously taxed to the employee. Because we hold that section 402(b)(4)(A) is one of several exceptions to the principle that income is only includible in income for the year the "accession to wealth" occurs, we reject petitioners' argument.

## IV. *Application of Section 402(b)(4)(A)*

Now we apply our interpretation of section 402(b)(4)(A) to the undisputed facts of this case. As we previously held, when section 402(b)(4)(A) applies (as here), an employee must include in income that portion of his or her vested accrued benefit on which he or she has not previously been taxed.

Here we are satisfied that there is no genuine dispute of material fact as to whether petitioner husband's vested accrued benefit (his account balance in the Yarish ESOP as of

the end of 2004) had been previously taxed. Put simply, it had not. Accordingly, we find that the entire amount of petitioner husband's vested accrued benefit as of the end of 2004 must be included in income for that same year under section 402(b)(4)(A). We therefore will grant respondent's motion for partial summary judgment and deny petitioners' motion.

We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

> *An appropriate order granting respondent's motion for partial summary judgment and denying petitioners' motion for partial summary judgment will be issued.*